```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     CHARLOTTE DIVISION
                       3:07CV53-MU-02
```

| | |
|---|---|
| JABARI D. WATSON,<br>    Plaintiff,<br><br>    v.<br><br>PETER GILCHRIST, District Attorney for Mecklenburg County;<br>HONORABLE JOHN DOE, District Court Judge;<br>JAMES DOE, Superior Court Judge; and<br>ELIZABETH TROSH, Esq., Assistant Public Defender,<br>    Defendants. | <u>ORDER</u> |

**THIS MATTER** comes before the Court on initial review of the plaintiff's form-Complaint under 42 U.S.C. §1983, filed January 31, 2007. For the reasons stated herein, this Complaint will be <u>dismissed</u> in its entirety.

According to the Complaint, in November 2005, the plaintiff was arrested on charges of Possession with Intent to Sell and Deliver Marijuana, and Sale of Marijuana, all in violation of North Carolina law. Two days later, the plaintiff was release from custody on an unsecured bond.

Next, in December 2005, the plaintiff had his first appearance in the District Court of Mecklenburg County. On that occasion, defendant Trosh was assigned to represent the

plaintiff. During the course of that proceeding, the plaintiff allegedly was informed by the defendant District Judge and defense counsel that his case was being continued until January 2006. However, neither of those defendants made any mention of a probable cause hearing at that time.

Rather, the plaintiff alleges that he subsequently was notified by letter that his case was going to be heard in the Superior Court of Mecklenburg County. Now, based upon the foregoing allegations, the plaintiff has filed the instant federal law suit, complaining that the named defendants conspired to violate his Constitutional right to a probable cause hearing.

More particularly, the plaintiff complains that defendant John Doe, District Court Judge "was mandated by [State] law . . ." to conduct a probable cause hearing, but failed to do so. The plaintiff claims that defendant James Doe, Superior Court Judge, should have known that he lacked jurisdiction to consider the charges against the plaintiff due to "a defected information and/or indictment . . . ." The plaintiff also claims that defendant Gilcrest [sic] "is presumed to have further conspired with the other three defendants, because [he] did not obtain a waiver of the probable cause hearing as required to be signed by defendant and his attorney . . . and neither did [he] obtain the waiver of indictment . . . ." Last, the plaintiff claims that defendant Trosh "was ineffective in her performance, which also

was deficient, thus falling well far below and objective standard of reasonable probability that if had not been for Def. Trosh's unprofessional and intentional errors, the results of Plaintiff's prosecution and proceedings would have been different . . . ."

Based upon the foregoing allegations, the plaintiff asks this Court to, inter alia, award him hundreds of thousands of dollars in damages from the defendants. Notwithstanding his obvious beliefs to the contrary, however, the instant Complaint must be dismissed for several critical reasons.

First, to the extent that the plaintiff is seeking to recover damages for his allegedly unlawful prosecution, such attempt must fail since he has failed to prove (or even to allege) that he sustained convictions which have been reversed, expunged, declared invalid by a tribunal which has the authority to make such a determination, or have otherwise been called into question by the issuance of a federal writ of habeas corpus in favor of the plaintiff. Heck v. Humphrey, 512 U.S. 477 (1994).

To put it another way, causes of action which seek monetary damages on the basis of a conviction or sentence and which raise challenges that necessarily would implicate the validity of the underlying conviction and/or sentence do not accrue until such conviction or sentence has been reversed, expunged or declared invalid. See Brooks v. City of Winston Salem, 85 F.3d 173, 181 (4th cir. 1996).

3

On the other hand, if the plaintiff's criminal proceedings have not yet been fully resolved, but are still pending, this Court does not have the authority even to entertain the foregoing allegations. That is, to the extent that the plaintiff's criminal proceedings are ongoing, the plaintiff must await the conclusion of those matters. In any event, this Court will have authority to review the plaintiff's claims only if he brings the appropriate habeas action before this Court. See generally District Of Columbia v. Feldman, 460 U.S. 462 (1983).

Second, it goes without saying that the two State court judges who the plaintiff is attempting to name in this action are not amenable to this suit for damages. To be sure, "[i]t has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985), citing Bradley v. Fisher, 80 U.S. 335 (1872); and Stump v. Sparkman, 435 U.S. 349 (1978).

Third, it also is well settled that defense attorneys, whether privately retained or publicly appointed, are not amenable to suit under §1983. Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(privately retained counsel); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (state appointed counsel); Polk v. Dodson, 454 U.S. 312, 324-25 (1981) (public defender). Accordingly, the plaintiff's allegations against Ms. Trosh also cannot

4

proceed. Equally significant, the plaintiff's claim of ineffectiveness against counsel sounds in habeas. Therefore, the plaintiff's claim against counsel would not be cognizable in this civil rights action in any event.

Fourth, the plaintiff has attempted to name the District Attorney of Mecklenburg County to this action. However, inasmuch as the plaintiff has failed to allege that Mr. Gilchrist actually was/is the prosecutor in his case, the Court finds that Gilchrist is not a proper party to this action. That is, supervisory liability under §1983 may not be predicated solely upon a theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Instead, to state such a claim under §1983, a party must show personal fault on the part of the defendant, either based on the defendant's own conduct or another's conduct in execution of the defendant's policies and customs. Fisher v. Washington Metropolitan Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

Here, the Court takes judicial notice of the fact that Peter Gilchrist does not actively try cases, and the fact that the plaintiff has failed to allege that the prosecutor who handled his case was acting pursuant to a policy which called for the violation of defendants' rights to probable cause hearings. Consequently, the plaintiff cannot proceed with his claim against defendant Gilchrist.

Finally, it has not escaped this Court's attention that there simply is no right under either the United States or North Carolina Constitutions to a probable cause hearing. See <u>North Carolina v. Wiggins</u>, 334 N.C. 18, 27 (1993); <u>and</u> <u>North Carolina v. Lester</u>, 294 N.C. 220 (1978). Accordingly, the instant Complaint must be **DISMISSED,** ultimately for the plaintiff's failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Signed: February 14, 2007

Graham C. Mullen
United States District Judge